■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR JOHNSON, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent.— Order unanimously reversed on the law, writ sustained to the extent that relator shall be discharged at the termination of his first sentence unless earlier discharged by the proper State authorities. Memorandum: Prior to December 17, 1948 relator and another were indicted for the crimes of kidnapping, robbery in the first degree and grand larceny, first degree. On that date he pleaded guilty to the second count of the indictment which stated in part that relator and another " feloniously robbed James Younger, against his will and by placing him in fear of immediate injury, by taking from his person and possession and in his presence certain property, to wit: one Dodge Automobile, of the value of upwards of $500.00, which he then and there had." He was thereafter sentenced to a term of 15-30 years for the robbery and an additional sentence of 5-10 years was imposed under section 1944 of the Penal Law for being an occupant of a stolen automobile " while in the act of committing a felony ". It is evident from the record of the hearing held prior to the imposition of the additional sentence that the " stolen automobile " occupied by relator was the same automobile which was the subject of the robbery. In this circumstance we conclude that the imposition of the 5-10 year sentence under section 1944 of the Penal Law was improper and illegal. The crime which relator committed was

robbing an individual of an automobile. While the crime was being completed the automobile was not a stolen one. The robbery must of necessity have been carried to a successful conclusion before the relator could be the occupant of a stolen vehicle; at that point he was no longer " in the act of committing" the felony, which was complete at the taking. (See *Haskins* v. *People,* 16 N. Y. 344, 348-349.) Inasmuch as the additional sentence was illegal, the writ should be sustained, the relator to be discharged at the termination of his first sentence unless earlier discharged by the proper State authorities. (*People ex rel. Romano* v. *Brophy,* 280 N. Y. 707.) (Appeal from order of Wyoming County Court dismissing, following a hearing, writ of habeas corpus and remanding relator to custody of Warden.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.